IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIERRE L. HOFFMAN,<br><br>        Plaintiff,<br><br>  vs.<br><br>CHARLES D. LEE, et al.,<br>        Defendant(s).<br>_____ | No. C 08-04499 JW (PR)<br><br>ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK |

Plaintiff, a California inmate at the Salinas Valley State Prison ("SVSP") in Soledad, has filed a pro se civil rights action under 42 U.S.C. § 1983 against SVSP officials. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

**DISCUSSION**

A.    <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." <u>Id.</u> §

Order of Service
P:\PRO-SE\SJ.JW\CR.08\Hoffman04499_svc.wpd

1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

Plaintiff alleges that defendants violated his right under the Eighth Amendment against cruel and unusual punishment when they acted with deliberate indifference to his serious medical needs during December 2007. Plaintiff alleges that "Supervisors, RNs and Clerks" in charge of scheduling caused plaintiff to suffer unnecessarily by failing to inform custody that plaintiff's cardiology procedure was cancelled first on December 6, 2007 and again on December 26, 2007. Plaintiff alleges that on those days, he was placed in a holding tank for thirteen and twelve hours, respectively, while awaiting transportation to the Salinas Valley Memorial Hospital. Plaintiff alleges that he became very sick each time because he did not receive his daily medical treatments, *i.e.*, insulin, bladder and heart medications, nor was he allowed to eat while he was held in the holding tank. (Compl. 9.)

Plaintiff alleges that on December 28, 2007, he was in need of emergency medical attention when his suprapubic tube came loose. Plaintiff alleges that defendant RN Jeans and another unnamed nurse failed to provide immediate assistance after plaintiff's condition was made known to them. Plaintiff also claims that instead of immediately transferring him to Natividad Hospital to be treated by his primary care physician, defendant Dr. Raskin forced plaintiff to accept catherization procedure in his penis, causing plaintiff to endure excruciating pain against his will. Plaintiff alleges that defendant Dr. Lee was fully aware of the seriousness of plaintiff's condition but that Dr. Lee "elected to abandon" plaintiff and chose not to interfere. Id. at 10.

Order of Service
P:\PRO-SE\SJ.JW\CR.08\Hoffman04499_svc.wpd            2

Liberally construed, plaintiff's claims against RN Jeans, Dr. Raskin and Dr. Lee are cognizable under § 1983 as violations of the Eighth Amendment's proscription against cruel and unusual punishment.[1]  See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).

Plaintiff's claim that the failure of the prison to provide an "ADA van" violated the American with Disabilities Act, 42 U.S.C. § 12101 et seq., because plaintiff is wheelchair bound is dismissed for lack of merit because there is no allegation or indication that he is being excluded from any jail services, programs or activities solely "by reason of [his alleged] disability."  42 U.S.C. § 12132.

**CONCLUSION**

1.  Plaintiff's claims against defendants Dr. Lee, Dr. Raskin, and RN Dan Jeans for deliberate indifference to plaintiff's serious medical needs as described above, when liberally construed, are cognizable.  Defendant Dan Lewis is DISMISSED from this complaint as plaintiff has made no allegations whatsoever against defendant Lewis in his complaint.

2.  The clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter, all attachments thereto, and a copy of this order upon **Dr. Lee, Dr. Raskin,** and **RN Dan Jeans** at the **Salinas Valley State Prison** (P.O. Box 1020, Soledad, CA 93960-1020).  The clerk shall also mail courtesy copies of the complaint and this order to the California Attorney General's Office.

3.  No later than **ninety (90) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to

---

[1] Under some circumstances medical treatment may also give rise to a Fourteenth Amendment claim.  Involuntary administration of a drug, if the predominant intent of the doctors administering it was medical research rather than treatment, would violate the patient's substantive due process right to bodily integrity.  See Johnson v. Meltzer, 134 F.3d 1393, 1397-98 (9th Cir. 1998).

Order of Service
P:\PRO-SE\SJ.JW\CR.08\Hoffman04499_svc.wpd            3

the claims in the amended complaint found to be cognizable above.

      a.    If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

      b.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.**

4.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **forty-five (45) days** from the date defendants' motion is filed.

      a.    In the event the defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[2]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

---

[2] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

b. In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7.    All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

8.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9.    It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10.   Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

DATED:   February 25, 2009

JAMES WARE  
United States District Judge

Order of Service  
P:\PRO-SE\SJ.JW\CR.08\Hoffman04499_svc.wpd            6

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIERRE LEBON HOFFMAN,<br><br>    Plaintiff,<br><br>  v.<br><br>CHARLES D. LEE, et al.,<br><br>    Defendants. _____/ | Case Number: CV08-04499 JW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  3/13/2009 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Pierre L. Hoffman P-22734
Salinas Valley State Prison
P. O. Box 1050
Soledad, CA 93960-1050

Dated:  3/13/2009

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk